■ In the Matter of the Application of SAMARITAN MEDICAL CENTER, Appellant, Pursuant to Article 81 of the Mental Hygiene Law for the Appointment of a Guardian of the Person and Property of MARIAN E.B., an Alleged Incapacitated Person, Respondent. JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Appeal No. 1.) [832 NYS2d 374]—

Appeal from an order and judgment (one paper) of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered February 16, 2006 in a proceeding pursuant to Mental Hygiene Law article 81. The order and judgment denied the petition.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the petition is granted and the matter is remitted to Supreme Court, Jefferson County, for further proceedings in accordance with the following memorandum: Petitioner commenced this proceeding pursuant to Mental Hygiene Law article 81 seeking the appointment of a guardian for the personal needs and property management of respondent, one of its patients. The petition alleges that respondent suffers from disorientation as to time and place, paranoid ideation, and

poor concentration, insight and judgment. The petition further alleges that respondent requires supervision, coaching and assistance with the activities of daily living. We agree with petitioner that Supreme Court erred in denying the petition on the ground that petitioner failed to propose a person or corporation available and willing to act as guardian. The court relied in part on the testimony of a representative from the Jefferson County Department of Social Services (DSS), who testified that DSS was not willing to accept the guardianship of respondent because he did not know if DSS could "adequately or appropriately meet every one of" respondent's needs. In rendering its decision, the court noted that respondent "need[ed] help," but there was apparently no one available to provide that help.

The court erred in concluding that the absence of a proposed guardian in the petition requires its dismissal. Section 81.08 (a) (12) of the Mental Hygiene Law provides that the petition shall include, inter alia, the name of the person or persons, *"if any,* proposed as guardian and standby guardian" (emphasis added), and thus does not require that the petition include a proposed guardian. The focus of article 81 of the Mental Hygiene Law is to provide a means of obtaining a judicial determination that the subject of the petition is incapacitated with respect to his or her personal needs and/or property management and thereby to provide assistance to that person in managing those needs (*see* § 81.01). Here, the record contains clear and convincing evidence establishing that respondent is incapacitated within the meaning of Mental Hygiene Law § 81.02 (b) and that she is thus entitled to the appointment of a guardian for her personal needs and property management. We note that the fact that petitioner is also a creditor of respondent does not automatically disqualify it from serving as guardian (*see* § 81.19 [e]). We therefore reverse the order and judgment, grant the petition and remit the matter to Supreme Court for the appointment of a guardian. Present—Martoche, J.P., Smith, Centra, Lunn and Fahey, JJ.